Trent M. Gardner (Bar No. 7477)
Hannah S. Willstein (Bar No. 68806595)
**GOETZ, GEDDES & GARDNER, P.C.**
35 North Grand
P.O. Box 6580
Bozeman, MT  59771-6580
Phone: (406) 587-0618
Fax:     (406) 587-5144
Email: tgardner@goetzlawfirm.com
           hwillstein@goetzlawfirm.com
*Attorneys for Richard J. Samson, Trustee*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: <br><br>**SCOTT K. WILLIAMS,** <br><br> Debtor. | Case No. 9:22-bk-90147-BPH |
| **RICHARD J. SAMSON, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF SCOTT K. WILLIAMS,** <br><br> Plaintiff, <br><br> v. <br><br> **CANDY WILLIAMS AND VIKING INVESTMENTS LLC,** <br><br> Defendants. | **Adversary No. _____** <br><br><br> **COMPLAINT** |

Richard J. Samson, Chapter 7 Trustee for the Bankruptcy Estate of Scott K. Williams, by and through his counsel of record, states his causes of action and claims for relief against Candy Williams and Viking Investments LLC for avoidance of fraudulent transfers pursuant to 11 U.S.C. §§ 544, and constructive trust.



## JURISDICTION AND VENUE

1. This is an adversary proceeding within the meaning of Rule 7001(1), Fed. R. Bankr. P., to recover money or property of the Estate.

2. The statutory predicates for this proceeding include 11 U.S.C. §§ 544, 550 and §§ 31-2-333 and 334, M.C.A.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1409(a).

5. This claims in this proceeding are to recover monies owed to, and property of, the Estate and, as such are core proceedings under 28 U.S.C. § 157(b)(2)(A), (E), (F) and (H).

6. This Adversary Proceeding is related to *In re Scott K. Williams*, Case No. 22-90147-BPH, now pending in this Court (the "Bankruptcy Case").

7. Pursuant to Rule 7008, Fed. R. Bankr. P., Trustee hereby consents to entry of final orders or judgment by this Court.

## PARTIES

8. The Bankruptcy Case was commenced via the filing of a voluntary petition by Scott K. Williams ("Debtor") on September 30, 2022.

9. Plaintiff Richard J. Samson ("Trustee" or "Plaintiff") is the appointed Chapter 7 Trustee for the Bankruptcy Estate of Scott K. Williams ("Bankruptcy Estate").

10. Defendant Candy Williams is an individual who resides in Lake County, Montana. Candy Williams is the spouse of Debtor.

11. Defendant Viking Investments LLC ("Viking Investments") is a Montana Limited Liability Company that was formed by Candy Williams on July 25, 2019, and has a mailing address of 11423 Spotted Fawn Ln., Bigfork, MT 59911. Upon information and belief, Candy Williams is the sole member of Viking Investments LLC.

12. Pursuant to 11 U.S.C. § 541, all of Debtor's assets are now property of the Bankruptcy Estate and subject to administration by Trustee.

## GENERAL ALLEGATIONS

13. Debtor was the Trustee of the Hugh L Williams Family Trust ("Trust") and was responsible for the Trust and distributing funds after his father's death.

14. In June of 2019, Debtor disbursed various funds to beneficiaries of the Trust, including himself.

15. On July 25, 2019, Candy Williams filed the Articles of Organization with the Montana Secretary of State for Viking Investments, forming it as a Montana limited liability company. Candy Williams utilized the 1 hour expedited handling to quickly form Viking Investments.

16. In early August, 2019, Debtor transferred $400,000 of his funds to Viking Investments LLC, his wife's LLC. Upon information and belief, no consideration was given to Debtor for this transfer of his funds to Viking Investments.

17. Thereafter, Viking Investments purchased a house and approximately 10 acres of real property located at 11423 Spotted Fawn LN, Bigfork, MT 59911-7335 (the "Real Property"), more particularly described as:

> A portion of the N1/2SW1/4NE1/4 of Section 1, Township 26 North, Range 19 West, P.M.M., Lake County, Montana, further shown and described as being

Tract-A on Certificate of Survey No. 4662 on file in the office of the Clerk and Recorder of Lake County, Montana.

18. The deed to the Real Property, vesting title in Viking Investments, is dated September 27, 2019, and was recorded on September 30, 2019. Upon information and belief, Viking Investments used the Debtor's funds that were transferred to Viking Investments shortly before to purchase the Real Property.

19. On December 26, 2019, Viking Investments issued a Quitclaim Deed to Candy Williams, transferring the Real Property to Candy Williams. Upon information and belief, no consideration was given for this transfer.

20. On December 27, 2019, United Wholesale Mortgage recorded a Deed of Trust against the Real Property securing a loan to Candy Williams in the amount of $200,000.00.

21. In approximately April of 2021, Candy Williams refinanced the Real Property and United Wholesale recorded a new Deed of Trust securing a loan to Candy Williams in the amount of $285,000.00.

22. The transfer of $400,000 of Debtor's funds to Viking Investments, which was used to purchase the Real Property, is a fraudulent transfer.

23. Candy Williams is a subsequent transferee of the Real Property. As such, she is liable for the fraudulent transfer. Further, because Debtor's funds were used to purchase the Real Property, the Real Property should be property of the Estate. Trustee is entitled to a constructive trust on the Real Property.

24. At the time of the transfer of the $400,000 to Viking Investments, Debtor knew that the beneficiaries of the Trust were looking at the propriety of Debtor's actions as Trustee

and knew that there was a very real possibility that Debtor may be liable to such beneficiaries for substantial sums.

## COUNT I – AVOIDANCE OF FRAUDULENT TRANSFER
### ($400,000 against Viking Investments and Candy Williams)

25. Trustee hereby restates each and every preceding paragraph, as if specifically stated herein.

26. The money transferred to Defendant Viking Investments in the amount of $400,000 was property of Debtor.

27. Viking Investments did not provide any value to Debtor in exchange for the transfer.

28. The transfer was for less than reasonably equivalent value.

29. At the time of the transfer, upon information and belief, Debtor was insolvent or became insolvent as a result of the transfers because after the transfer the fair value of the property remaining in the ownership of Debtor was less than the sum of his debts or obligations.

30. At the time of the transfer, upon information and belief, Debtor was engaged or about to engage in a business or transaction for which his remaining assets were unreasonably small in relation to such business or transaction.

31. At the time of the transfer, Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

32. The transfer was made with the intent to hinder, delay, or defraud creditors of Debtor.

33. Viking Investments was an initial transferee, pursuant to 11 U.S.C. § 550(a)(1), of the transfer in the amount of $400,000.

34. Candy Williams was a mediate or subsequent transferee, pursuant to 11 U.S.C. § 550(a)(2), of the improper transfer, either through transfers of cash and/or transfers of the Real Property, in an amount which is expected to be revealed in discovery. Candy Williams did not provide any value in exchange for these subsequent transfers and did not act in good faith.

35. Richard J. Samson, as Chapter 7 trustee for Debtor, has all of the rights of creditors to bring avoidance claims under applicable state law.

36. Pursuant to 11 U.S.C. § 544(b), the transfer was a constructively and actually fraudulent transfer under §§ 31-2-333 and 334, M.C.A., and was made within four years of the date of bankruptcy filing.

37. Accordingly, the transfer may be avoided pursuant to 11 U.S.C. § 550.

38. Therefore, Plaintiff is entitled to money judgment against Viking Investments, avoiding and recovering for the benefit of the Estate the transfer of $400,000.00.

39. Plaintiff is entitled to money judgment against Candy Williams, avoiding and recovering for the benefit of the Estate any subsequent transfers of the $400,000.00 to her, including the value of the Real Property, in an amount to be proven at trial.

## COUNT II – CONSTRUCTIVE TRUST
### (against Candy Williams)

40. Trustee hereby restates each and every preceding paragraph, as if specifically stated herein.

41. The money used to purchase the Real Property was obtained by Viking Investments from Debtor via a fraudulent transfer. Viking Investments subsequently transferred the Real Property to Candy Williams for no consideration. Candy Williams is not a good-faith transferee.

42. The fraudulently transferred funds never became property of Viking Investments. Likewise, the Real Property never became property of Viking Investments or Candy Williams.

43. Plaintiff, as Trustee of Debtor's Bankruptcy Estate, is the rightful owner of the Real Property.

44. A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if the holder were permitted to retain it.

45. Plaintiff is entitled to a judgment that Candy Williams is not the owner of the Real Property and, instead, holds the Real Property in a constructive trust for the benefit of Plaintiff and is required to transfer the Real Property to Plaintiff for the benefit of the Estate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of judgment against Defendants Viking Investments and Candy Williams as follows:

1. For an order of this Court avoiding and recovering the fraudulent transfer and money judgment against Viking Investments in the amount of at least $400,000.00;

2. For an order of this Court avoiding and recovering any subsequent transfers of the fraudulent transfer to Candy Williams and money judgment against Candy Williams in an amount to be proven at trial;

3. For an order of this Court imposing a constructive trust on the Real Property and ordering Candy Williams to transfer the Real Property to Plaintiff for the benefit of the Estate;

4. For an award of pre- and post-judgment interest, including interest on each transfer from the date of transfer until paid;

5. An award of attorneys' fees and costs, to the extent allowed by applicable rule or law; and

6. Such other and further relief that the Court deems proper.

DATED this 30th day of January, 2023

GOETZ, GEDDES & GARDNER, P.C.

By: */s/ Trent M. Gardner*
   Trent M. Gardner
   Hannah S. Willstein
   ***Attorneys for Richard J. Samson, Trustee***