Edward A. Murphy
MURPHY LAW OFFICES, PLLC
127 N. Higgins, Ste. 310
Missoula, MT 59802
Phone: (406)728-2671
Fax: (866)705-2260
Email: rusty@murphylawoffices.net
Attorney No. 1108
Attorney for Defendants

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>SCOTT K. WILLIAMS,<br><br>Debtor. | Case No. 9:22-bk-90147-BPH |
| RICHARD J. SAMSON,<br><br>Plaintiff,<br><br>v.<br><br>CANDY WILLIAMS and VIKING INVESTMENTS, LLC,<br><br>Defendants. | Adversary No. 9:23-ap-09001-BPH |

ANSWER

Come now the Defendants and answer the Plaintiff's Complaint as follows:

1. The allegations of paragraph 1 of the Complaint are admitted.

2. Paragraph 2 of the Complaint appears to assert legal conclusions. To the extent that it alleges facts they are denied.

3. In response to paragraph 3 of the Complaint the Defendants admit that this Court



has jurisdiction under 28 U.S.C. § 1334(b) but deny all remaining allegations in the said paragraph.

4. In response to paragraph 4 of the Complaint the Defendants admit that this district is the proper venue under 28 U.S.C. § 1409(a) but deny all remaining allegations in the said paragraph.

5. In response to paragraph 5 of the Complaint these Defendants admit that this is a core proceeding under 28 U.S.C. § 157(b)(2)(H) but deny all remaining allegations in the said paragraph.

6. These Defendants admit the allegations in paragraphs 6 and 7 of the Complaint.

7. These Defendants consent to entry of final orders and judgment in this proceeding by this Court.

8. These Defendants admit the allegations of paragraphs 8 through 11 of the Complaint.

9. In response to paragraph 12 of the Complaint these Defendants admit that all Debtor's assets are property of the estate except for items claimed as exempt on Debtor's schedules.

10. The allegations of paragraphs 13 through 15 of the Complaint are admitted.

11. In response to paragraph 16 of the Complaint these Defendants admit the transfer of approximately $400,000 from the Debtor to Viking Investments, LLC. All remaining allegations in the said paragraph are denied.

12. The allegations of paragraphs 17 through 21 of the Complaint are admitted.

13. The allegations of paragraph 22 of the Complaint are denied.

14. In response to paragraph 23 of the Complaint these Defendants admit that Candy Williams is a subsequent transferee but deny all remaining allegations in the said paragraph.

15. The allegations of paragraph 24 of the Complaint are denied.

16. In response to paragraph 25 of the Complaint these Defendants incorporate herein by reference each and every admission, denial, and assertion made with respect to paragraphs 1 through 24 of the Complaint and reassert the same.

17. The allegations of paragraph 26 of the Complaint are admitted.

18. The allegations of paragraphs 27 through 32 of the Complaint are denied.

19. The allegations of paragraph 33 of the Complaint are admitted.

20. In response to paragraph 34 of the Complaint, these Defendants admit that Candy Williams is a subsequent transferee but all other allegations in the said paragraph are denied.

21. The allegations of paragraph 35 of the Complaint are admitted.

22. In response to paragraph 36 of the Complaint these Defendants admit that the transfer from the Debtor to Viking Investments occurred within four years before the date the bankruptcy petition was filed. All remaining allegations in the said paragraph are denied.

23. The allegations of paragraphs 37 through 39 of the Complaint are denied.

24. In response to paragraph 40 of the Complaint these Defendants incorporate herein by reference each and every admission, denial, and assertion made with respect to paragraphs 1 through 39 of the Complaint and reassert the same.

25. The allegations of paragraphs 41 through 45 of the Complaint are denied.

26. Any allegation contained in the Complaint not heretofore admitted or denied is hereby denied.

WHEREFORE, Defendants pray for judgment against the Plaintiff, that the Plaintiff take nothing by his Complaint, for costs, and for such other and further relief as the Court deems just and proper.

Dated this 2nd day of March, 2023.

MURPHY LAW OFFICES, PLLC

/s/Edward A. Murphy
Attorney for Defendants

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I served the foregoing Answer on the 2nd day of March, 2023, on the following persons in the manner indicated:

Trent Gardner
Via ECF

/s/Edward A. Murphy